IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD GOLPHIN,  )<br>  )<br>  Petitioner,  )<br>  )<br>vs.  )<br>  )<br>B. SALAMON; and DISTRICT ATTORNEY  )<br>OF PHILADELPHIA COUNTY,  )<br>  )<br>  Respondents.  ) | Civil Action No. 3:22-cv-151<br>Judge Stephanie L. Haines<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

Presently before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed pro se by Edward Golphin ("Petitioner") (ECF No. 1). Petitioner seeks to challenge a state court conviction obtained in the Court of Common Pleas of Philadelphia County, Pennsylvania. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On October 3, 2022, Magistrate Judge Kelly submitted a Report and Recommendation (ECF No. 2) recommending that this case be transferred to the United States District Court for the Eastern District of Pennsylvania in furtherance of justice pursuant to 28 U.S.C. § 2241(d). Petitioner was advised that written objections to the Report and Recommendation were due by October 20, 2022. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has not filed any objections and the time to do so has expired.

Upon reasoned consideration of the record and the Report and Recommendation (ECF No. 2), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Kelly in this matter. As Magistrate Judge Kelly explained, when a state prisoner files a §2254 petition in a state with several judicial districts, § 2241(d)

1

permits the filing of the petition in either the district where the petitioner is in custody or the district within which the state court that convicted and sentenced him is located. In that situation, each district has concurrent jurisdiction over the petition. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, Petitioner currently is in custody in SCI-Rockview, within the Middle District of Pennsylvania, while the state court of conviction and sentence is located within the Eastern District of Pennsylvania. Under §2241(d), both the Eastern District and the Middle District may entertain the Petition.

Venue in habeas corpus cases filed by state prisoners challenging their convictions is proper in either the federal district in which the state conviction was obtained, or in the federal district in which the petitioner was incarcerated at the time of filing the habeas petition. *Walker v. Lockhart*, 620 F.2d 683, 684 n.1 (8th Cir. 1980). In evaluating whether to transfer venue under § 2241(d), a court should weigh "traditional venue considerations," including "where all the material events took place," where "records and witnesses pertinent to petitioner's claim are likely to be found," the convenience of the parties, and the familiarity of the court with the applicable laws. *Braden v. 30th Judicial District*, 410 U.S. 484, 493 (1973); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (discussing traditional venue considerations).

Accordingly, venue in this matter is proper in the Eastern District of Pennsylvania and the Middle District of Pennsylvania. However, upon application of the traditional venue considerations in this case, Magistrate Judge Kelly reasonably determined that the Petition should be transferred to the Eastern District of Pennsylvania in furtherance of justice as that is the district where the Petitioner's state court conviction was obtained, and as such, it is the more convenient forum for the litigation of the Petition. The Court agrees, and will exercise its discretion and transfer venue to the Eastern District of Pennsylvania, in furtherance of justice, and in accord with

the general practice of the district courts within the Commonwealth of Pennsylvania. *See, e.g., Nightingale v. Vincent*, No. Civ. A. 08-95J, 2008 WL 1943427, at *2 (W.D. Pa. May 2, 2008) ("the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted").

Accordingly, the following order is entered:

## ORDER

AND NOW, this 2nd day of November, 2022, for the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 2) which is accepted in whole and adopted as the opinion of the Court, and, pursuant to 28 U.S.C. § 2241(d), IT IS ORDERED that the Clerk of Court shall forthwith transfer this case to the United States District Court for the Eastern District of Pennsylvania, in furtherance of justice.

_____
Stephanie L. Haines
United States District Judge