IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD GOLPHIN, *Petitioner,* v. B. SALAMON, *et al.*, *Respondents.* | CIVIL ACTION NO. 22-04375 |

### ORDER

**AND NOW**, this 25th day of July 2023, upon consideration of Edward Golphin's Motion to Appoint Counsel (ECF 7), his Amended Petition for a Writ of Habeas Corpus (ECF 11), the Memorandum of Law filed by the District Attorney's Office of Philadelphia County (ECF 16), and the Report and Recommendation of U.S. Magistrate Judge Richard A. Lloret (ECF 19), it is hereby **ORDERED** that:

1. Golphin's Motion to Appoint Counsel (ECF 7) is **DENIED**;[1]

2. The Report and Recommendation (ECF 19) is **APPROVED** and **ADOPTED**;[2]

---

[1] The Court must only appoint counsel if it determines an evidentiary hearing is required. *See* Rule 8(c) of the Rules Governing § 2254 Cases. Otherwise, the Court may appoint counsel for a financially eligible *pro se* habeas petitioner when the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B). In making this determination, courts consider "whether the petitioner has presented a non-frivolous claim, whether the appointment of counsel would benefit the petitioner and the Court, the complexity of the factual and legal issues, and the petitioner's ability to investigate the facts and present claims." *Tate v. Link*, No. 17-365, 2017 WL 1363335, at *3 (E.D. Pa. Mar. 21, 2017) (citations omitted). No hearing is required and the interests of justice do not warrant the appointment of counsel in this straightforward matter.

[2] When no objections are filed in response to a magistrate judge's R&R on a dispositive issue, the district court is not required to review the R&R before adopting it. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). No clear error appears on the face of this record.

1

3. Golphin's Amended Petition for a Writ of Habeas Corpus (ECF 11) is **DENIED** and **DISMISSED** with prejudice by separate Judgment filed contemporaneously with this Order.  *See* Fed. R. Civ. P. 58(a); *see also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

---

Judge Lloret's R&R—to which Golphin has not objected—recounts the factual background of this case.  (R&R at 1–2, ECF 19); *see also Commonwealth v. Golphin*, 2016 WL 9241578, at *2-13 (Pa. Ct. Com. Pl. 2016).  Briefly, a jury convicted Golphin of third-degree murder, conspiracy to commit murder, aggravated assault and endangering the welfare of a child for the brutal beating and murder of his girlfriend's four-year-old daughter. *Golphin*, 2016 WL 9241578, at *1.  The court sentenced Golphin to fifty-two and a half to 105 years in prison.  *Id*.  Although Golphin's judgment became final on December 14, 2017, he filed his writ for federal habeas relief on September 2, 2022, well beyond AEDPA's one-year statute of limitations period.  *See* (ECF 1); *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) (AEDPA "sets a statute of limitations period of one year to apply for a writ of habeas corpus challenging state court action.").

Golphin's petition is untimely under AEDPA.  However, the statute of limitations is subject to two tolling exceptions: (1) statutory tolling during the time a properly filed application for state post-conviction review is pending in state court and (2) equitable tolling, which is a judicially crafted exception.  *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).  Here, neither exception applies.

The AEDPA statute of limitations was statutorily tolled while his PCRA petition was pending.  The Pennsylvania Superior Court affirmed Golphin's sentence, *Commonwealth v. Golphin*, 161 A.3d 1009 (Pa. Super. Ct. 2017), and the Pennsylvania Supreme Court denied his petition for allowance of appeal on September 15, 2017. *Commonwealth v. Golphin*, 170 A.3d 1051 (Pa. 2017) (Table).  Golphin's Judgment became final ninety days later on December 14, 2017.  *See* 28 U.S.C 2244(d)(1)(A) (the statute of limitations period begins at the "conclusion of direct review or the expiration of the time for seeking such review."); S. Ct. Rule 13(1) (allowing ninety days to file a petition for certiorari with the United States Supreme Court).  Ninety-six days later, on March 20, 2018, Golphin filed his timely PCRA petition, which tolled the limitations period.  The Superior Court dismissed Golphin's PCRA appeal on January 11, 2019, and thirty days later, on February 10, 2019, statutory tolling ceased.  *See* § 2244(d)(1)(A); Pa. R. App. P. 903(a) (appeal must be filed within 30 days).  Because Golphin had 269 days remaining—until November 6, 2019—to file a timely petition, but failed to do so until September 2, 2022, his petition is untimely even with the extra time afforded due to statutory tolling.

A habeas petitioner may be entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted).  After an independent review, the Court agrees with Judge Lloret that Golphin meets neither prong:  he has not explained his delay in seeking federal relief, nor has he identified any extraordinary circumstances that hindered his filing.

Finally, the statute of limitations may also be tolled on a showing of actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 400–01 (2013).  Golphin does not pursue this avenue of relief.  Finding no clear error on the record, the Court approves the R&R, and Golphin's petition is denied and dismissed with prejudice.

4. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because "the applicant has [not] made a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 1153(c)(2), since he has not demonstrated that "reasonable jurists" would find the Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Cepero*, 224 F.3d 256, 262-63 (3d Cir. 2000), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012), and;

5. The Clerk of Court shall mark this case **CLOSED**.

                                              BY THE COURT:

                                              */s/ Gerald J. Pappert*
                                              GERALD J. PAPPERT, J.